**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DAVID A. VARNES,

        Plaintiff,

vs.                                  Case No.    3:12-cv-622-J-99TJC-JBT

HOME DEPOT USA, INC., et al.,

        Defendant.

## **ORDER**

This case is before the Court on Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 6). Plaintiff filed his Response to the Motion to Dismiss (Doc. 20). Defendant filed a Reply (Doc. 25) and Plaintiff filed a Surreply (Doc. 27). On October 16, 2012, the Court heard oral arguments from the parties. Those discussions are incorporated by reference. After considering the oral arguments and the papers, the Court concludes that Plaintiff's Complaint should be dismissed, with leave to amend.

The Court had issues with all the claims in the Complaint, for a variety of reasons delineated below. First, Paragraph 21, while possibly not rising to the level of an admission, certainly confuses the issues. This statement affects not only the breach of contract claim, but the breach of warranty claim as well. Further for the breach of warranty claim, it is unclear in what manner Defendant presented Plaintiff with the "Lifetime Craftsmanship Warranty" (Doc. 3-2). The Complaint makes no mention of where this document was obtained or whether it was a pamphlet that came with the product or simply an

advertisement.  If Plaintiff refiles the Complaint, he should make clear the origin of the Craftsmanship Warranty and remove Paragraph 21 of the Complaint or change it in a way to alleviate confusion.

Plaintiff's Florida Deceptive and Unfair Trade Practices Act (FDUTPA) claim merely restates the allegations of his breach of contract and breach of warranty claims, without noting which facts show deceptive or unfair practices.  Paragraphs 48 and 49 of the Complaint contain conclusory statements that track the language of FDUTPA.  Plaintiff correctly states that a FDUTPA claim can coexist with a breach of contract claim. See PNR, Inc. v. Beacon Mgmt., Inc., 842 So. 2d 773, 777 n.2 (Fla. 2003).  However, "without significant allegations of unfair or deceptive conduct," there can be no claim under FDUTPA. Hache v. Damon Corp., 2008 WL 912434 at *2 (M.D. Fla. 2008). Formulaic recitation of the elements under FDUTPA using conclusory statements is not enough to state a cause of action. Infinity Global, LLC v. Resort at Singer Island, Inc., 2008 WL 1711535 (S.D. Fla. 2008).  If the Plaintiff wishes to bring a FDUTPA claim in his Amended Complaint, he must allege facts that show unfair or deceptive conduct and note which of his factual allegations support a FDUTPA claim.

Plaintiff's claim of negligence is barred by the economic loss rule, unless an exception applies.  Plaintiff cites the "other loss" exception, which normally applies to product liability cases. Indemnity Ins. Co. Of North America v. American Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004). Plaintiff should carefully evaluate his negligence claim to see if it can survive an economic loss rule challenge.

For the breach of the implied covenant of good faith and fair dealing claim, Plaintiff has not alleged any violation different from the breach of contract and breach of warranty claims. "[A] breach of the implied duty may be dismissed as redundant where the conduct allegedly violating the implied covenant is duplicative of the companion cause of action alleging breach of contract." Shibata v. Lim, 133 F. Supp. 2d 1311, 1319 (M.D. Fla. 2000). For Plaintiff to survive a motion to dismiss on this cause of action, the claim must be distinct and not duplicative of the breach of contract or beach of warranty claims.

Finally, Plaintiff's claim for violation of the Florida Building Code is dismissed for failure to give 60 days notice and an opportunity for Defendant to inspect the property pursuant to Florida Statute §558.004(1).[1]

For the foregoing reasons, it is hereby

**ORDERED:**

Defendant's Motion to Dismiss (Doc. 6) is **GRANTED**. No later than **December 7, 2012** Plaintiff may file an Amended Complaint. No later than **January 4, 2013,** Defendant shall file a response. The parties shall confer and no later than **January 4, 2013**, the parties shall inform the Court if the schedule proposed by their Case Management Report (Doc. 26), can be maintained. If the schedule cannot be maintained, no later than **January 4, 2013**, the parties shall file a new Case Management Report.

---

[1] The Court is giving Plaintiff until December 7, 2012 to file an Amended Complaint, assuming that Plaintiff will not renew the claim for violation of the Florida Building Code. If Plaintiff intends to allege this claim in the Amended Complaint, Plaintiff should give notice to Defendant forthwith and allow Defendant to inspect the property in accordance with §558.004(1). Plaintiff may then move for an extension of time to file an Amended Complaint so Plainitff can comply with the statutory notice requirement.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of November 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

dml.
Copies:

counsel of record