**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DAVID A. VARNES, individually, and on
behalf of all others similarly situated,

    Plaintiff,

vs.                                                Case No. 3:12-cv-622-J-99TJC-JBT

HOME DEPOT USA, INC., and THD AT-
HOME SERVICES, INC., d/b/a , The Home
Depot At-Home Services,

    Defendants.
_____

**ORDER**

The case is before the Court on four (4) pending motions: 1) Home Depot's Motion to Dismiss Plaintiff's Claims as Moot or, in the Alternative, for Summary Judgment (Doc. 42, Home Depot's Motion to Dismiss), filed by Defendants Home Depot USA, Inc. and THD At-Home Services, Inc. (collectively Home Depot or Defendants); 2) Plaintiff's Motion to Defer Court's Consideration of Defendants' Motion for Summary Judgment Pending Ruling on Class Certification, or Alternatively Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment (Doc. 47, Motion to Defer) and Home Depot's Response in Opposition (Doc. 51); 3) Intervenors Betty Spencer's and Joseph and Patricia Williams' Motion to Intervene as Additional Class Representatives (Doc. 54, Motion to Intervene) and Home Depot's Response in Opposition to the Motion to Intervene (Doc. 59); and 4) Plaintiff's Motion to Strike Declaration of Thomas Redsecker (Doc. 62, Motion to Strike) and Home

Depot's Response in Opposition to Plaintiff's Motion to Strike Declaration of Thomas Redsecker (Doc. 66).  The Court has carefully considered the parties' submissions regarding these motions and other relevant portions of the record,  and makes the rulings set forth below.

In this suit, Plaintiff seeks compensatory damages, injunctive relief, and attorney's fees to remedy Home Depot's alleged improper installation of windows and a sliding-glass door in his home.  Plaintiff's First Amended Class Action Complaint and Demand for Trial by Jury (Doc. 33, Amended Complaint )  asserts three (3) causes of action: 1) violation of the Florida Unfair and Deceptive Practices Act, Fla. Stat. § 501.201 (FUDTPA), 2) breach of contract, and 3) breach of warranty.  Plaintiff also seeks class action certification to maintain these causes of action on behalf of "[a]ll Florida property owners whose windows or sliding-glass doors were installed by Defendants from April 2008 to the present." Amended Complaint  at ¶ 36. In a nutshell, Plaintiff maintains that, contrary to its marketing campaign and contract warranties for its installation services, "Home Depot has consistently and uniformly failed to install windows and sliding-glass doors in compliance with applicable construction standards, the Florida Building Code, and explicit manufacturer installation instructions" to gain economic advantage over its competitors, specifically by directing installers to exclude bucks (wooden framing) in window and sliding-glass door installation. Id. at ¶¶ 4 and 21.

Home Depot seeks dismissal or summary judgment as to all counts of the Amended Complaint.  Home Depot asserts that it has remedied all the problems with the installation of Plaintiff's windows and door pursuant to the Home Improvement Contract and applicable

warranties, the installation has been certified as performed properly in accordance with the Florida Building Code, and Plaintiff has not paid the balance due under the contract. As a result, Defendants contend that Plaintiff no longer has any individual injury, mooting his claims, and cannot maintain a breach of contract or warranty action because he has not performed his obligations under the contract.

Plaintiff does not disagree that the installation now has been certified as completed under the Florida Building Code, but maintains that other outstanding issues with the installation means that it is not complete. He also contends that Defendants' Motion to Dismiss is an attempt to "pick him off" as a potential class action representative by arguing that his claims are mooted by their efforts to remedy the problems with the installation.

Rather than file a response to the Motion to Dismiss, Plaintiff filed a Motion to Defer, stating he needs more time to conduct discovery to fully respond. After the Motion to Dismiss and Motion to Defer were filed, the parties have engaged in additional discovery. Plaintiffs have taken the depositions of several Home Depot managers and the installer of Plaintiff's windows and door. See Doc. 67, Joint Motion to Stay Case Pending Ruling On Defendants' Motion to Dismiss (Motion to Stay).[1] Neither party has sought to supplement the record based upon this discovery. Nevertheless, Plaintiff attached the rough draft of Redsecker's deposition to his Motion to Strike (see Doc. 62-2) and Defendants attached portions of the final version to its response in opposition (see 66-1).

---

[1] The Court granted the Motion to Stay (see Docs. 68 and 69), suspending all further proceedings in this case until the Court rules on these motions.

On the basis of the record before it, the Court cannot determine whether Plaintiff has a viable claim or the contours of such claim. It is unclear whether or to what extent the alleged breaches of contract and warranty regarding the installation of Plaintiff's windows and door may have been remedied or what effect that has on his claims. Additionally, Redsecker's deposition, submitted in conjunction with the Motion to Strike, contains statements which call into question Plaintiff's allegation that Home Depot directed its installers to exclude bucks in installations, which is a key element of his FUDTPA claim. The Court is of the opinion that the best course is to dismiss Plaintiff's Amended Complaint with leave to amend, so that Plaintiff can restate his claims if he is so inclined, taking into account the discovery to date.

Until the Court can determine whether Plaintiff has a viable claim, the class action aspect will remain stayed. Additionally, the Motion to Intervene will be denied without prejudice.[2]

Accordingly, it is

**ORDERED:**

1.    Home Depot's Motion to Dismiss Plaintiff's Claims as Moot or, in the Alternative, for Summary Judgment (Doc. 42) is **GRANTED in part and DENIED in part**. The motion to dismiss is granted with leave to amend and Plaintiff's Amended Complaint

---

[2] The Court would point out to proposed Intervenor Betty Spencer that while the Home Depot Home Services Customer Invoice (Doc. 59-1 at 63) for her installation job lists her as the homeowner, the report submitted showing completion and approval of the inspection of her window/door replacement (Doc. 59-1 at 65) lists Michael E. McAfee as the homeowner. This raises a question as to whether Betty Spencer would be a proper Intervenor.

(Doc. 33) is dismissed without prejudice. The motion for summary judgment is denied without prejudice**.**

2. Plaintiff's second amended complaint is due **October 28, 2013**. If Plaintiff needs more time, he may request it by filing an appropriate motion.

3. Defendants' answer or motion directed to the second amended complaint is due **November 22, 2013.** If Defendants file a motion, Plaintiff must respond by **December 20, 2013**.

4. Plaintiff's Motion to Defer Court's Consideration of Defendants' Motion for Summary Judgment Pending Ruling on Class Certification, or Alternatively Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment (Doc. 47) is **MOOT**.

4. Intervenors Betty Spencer's and Joseph and Patricia Williams' Motion to Intervene as Additional Class Representatives (Doc. 54) is **DENIED** without prejudice.

5. Plaintiff's Motion to Strike Declaration of Thomas Redsecker (Doc. 62) is **MOOT**.

6. The parties may continue to conduct discovery.

7. The Court will issue an order rescheduling other deadlines after receipt and

review of Plaintiff's second amended complaint and Defendants' responsive filing.

**DONE AND ORDERED** in Jacksonville, Florida, this 30th day of September, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

Copies to:    Counsel of Record