**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| DAVID A. VARNES, BETTY SPENCER, JOSEPH WILLIAMS, and JASON NIMEY, individually, and on behalf of himself and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>HOME DEPOT U.S.A., INC. and THD AT-HOME SERVICES, INC. d/b/a THE HOME DEPOT AT-HOME SERVICES, )<br><br>Defendants. ) | Case No. 3:12-cv-622-J-99TJC-JBT |

**HOME DEPOT'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO**
**THE SECOND AMENDED CLASS ACTION COMPLAINT**

Defendants Home Depot U.S.A., Inc. and THD At-Home Services, Inc. d/b/a The Home Depot At-Home Services (collectively, "Home Depot") submit their Answer, Defenses, and Counterclaims to the Second Amended Class Action Complaint ("Complaint") filed by Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, and Jason Nimey.

**ANSWER**

Home Depot denies all allegations contained in the headings and all unnumbered or introductory paragraphs in the Complaint. Home Depot answers the allegations in the numbered paragraphs in the Complaint as follows:

1.      Home Depot admits that it is the "nation's #1 home improvement retailer" and that it advertises itself as such.  Home Depot further admits that it operates more than 2,200 retail stores worldwide, including approximately 153 in Florida.

2.      Home Depot admits the allegations in paragraph 2.

3.      Home Depot denies that it "entices consumers into purchasing installation services."  Home Depot admits that it aims to provide its customers "peace of mind" "from start to finish" in connection with window and door installations by, among other things, arranging for installation services to be performed in a professional and workmanlike manner by licensed, authorized service providers.  Home Depot denies the remaining allegations in paragraph 3.

4.      Home Depot denies the allegations in paragraph 4.

5.      Home Depot denies the allegations in paragraph 5.

6.      Home Depot denies the allegations in the last sentence of paragraph 6. Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 6 and, therefore, denies them.

7.      Home Depot admits that between January 1, 2008 and May 25, 2012, its authorized service providers installed 114,959 windows and sliding glass doors in connection with 18,183 jobs in Florida, deriving total revenue of $106,945,201.  Home Depot denies the remaining allegations in this paragraph.

8.      Home Depot admits that Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, and Jason Nimey purport to bring this action on behalf of themselves and a putative class.  Home Depot denies that Betty Spencer, Joseph Williams, and Jason

Nimey are proper Plaintiffs in this action, denies that the putative class is properly defined, denies that this case is suitable for class treatment, and denies that Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, Jason Nimey, or the putative class members are entitled to any relief whatsoever.  Home Depot denies any remaining allegations in paragraph 8.

9.      Home Depot admits the allegations in paragraph 9.

10.     Home Depot admits the allegations in paragraph 10.

11.     Upon information and belief, Home Depot admits the allegations in the first sentence of paragraph 11.  The remaining allegations in paragraph 11 purport to characterize and quote from a written document that speaks for itself.  Home Depot denies the remaining allegations in paragraph 11 to the extent they misquote, mischaracterize, or contradict the written document.

12.     Home Depot denies that Betty Spencer is a proper plaintiff in this action. Under the Court's Case Management and Scheduling Order (Doc. 41), the deadline to add parties or to amend the pleadings in this action was February 28, 2013.  Ms. Spencer was not added as a plaintiff by February 28, 2013, and neither the Court's September 30, 2013 Order (Doc. 70), nor any other Order in this action, granted Ms. Spencer permission to join this action as a plaintiff.  Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first two sentences of paragraph 12 and, therefore, denies them.  The remaining allegations in paragraph 12 purport to characterize and quote from a written document that speaks for

itself.  Home Depot denies the remaining allegations in paragraph 12 to the extent they

misquote, mischaracterize, or contradict the written document.

13.     Home Depot denies that Joseph Williams is a proper plaintiff in this

action.  Under the Court's Case Management and Scheduling Order (Doc. 41), the

deadline to add parties or to amend the pleadings in this action was February 28, 2013.

Mr. Williams was not added as a plaintiff by February 28, 2013, and neither the Court's

September 30, 2013 Order (Doc. 70), nor any other Order in this action, granted Mr.

Williams permission to join this action as a plaintiff.  Home Depot lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining

allegations in the first two sentences of paragraph 13 and, therefore, denies them.  The

remaining allegations in paragraph 13 purport to characterize and quote from a written

document that speaks for itself.  Home Depot denies the remaining allegations in

paragraph 13 to the extent they misquote, mischaracterize, or contradict the written

document.

14.     Home Depot denies that Jason Nimey is a proper plaintiff in this action.

Under the Court's Case Management and Scheduling Order (Doc. 41), the deadline to

add parties or to amend the pleadings in this action was February 28, 2013.  Mr. Nimey

was not added as a plaintiff by February 28, 2013, and neither the Court's September 30,

2013 Order (Doc. 70), nor any other Order in this action, granted Mr. Nimey permission

to join this action as a plaintiff.  Home Depot lacks knowledge or information sufficient

to form a belief as to the truth or falsity of the remaining allegations in the first two

sentences of paragraph 14 and, therefore, denies them.  The remaining allegations in

paragraph 14 purport to characterize and quote from a written document that speaks for itself. Home Depot denies the remaining allegations in paragraph 14 to the extent they misquote, mischaracterize, or contradict the written document.

15.    Home Depot admits the allegations in paragraph 15.

16.    Home Depot denies that THD At-Home Services, Inc. d/b/a The Home Depot At-Home Services is incorporated in Georgia. THD At-Home Services, Inc. d/b/a The Home Depot At-Home Services is incorporated in Delaware. Home Depot admits the remaining allegations in paragraph 16.

17.    Home Depot admits the allegations in the first sentence of paragraph 17. Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 17 and, therefore, denies them.

18.    Home Depot denies that it "lures consumers into purchasing installation services." Home Depot admits that it aims to provide its customers quality installation services in connection with window and door installations by, among other things, arranging for installation services to be performed in a professional and workmanlike manner by licensed, authorized service providers. The allegations in subparagraphs (a) through (i) of paragraph 18 purport to quote from written documents that speak for themselves. Home Depot denies the allegations in subparagraphs (a) through (i) of paragraph 18 to the extent they misquote, mischaracterize, or contradict the written documents. Home Depot denies any remaining allegations in paragraph 18, including subparagraphs (a) through (i).

19.    Home Depot denies the allegations in paragraph 19.

20.     Home Depot denies the allegations in paragraph 20.

21.     Home Depot denies the allegations in paragraph 21.

22.     Home Depot denies the allegations in paragraph 22 and all of its subparts.

23.     Home Depot denies the allegations in paragraph 23.

24.     Home Depot admits that it acted as the general contractor in connection with the installation of Plaintiff David A. Varnes' and Betty Spencer's windows and sliding glass door.  Home Depot admits that it acted as the general contractor in connection with the installation of Joseph Williams' and Jason Nimey's windows.  The remaining allegations in paragraph 24 purport to characterize and quote from a written document that speaks for itself.  Home Depot denies the remaining allegations in paragraph 24 to the extent they misquote, mischaracterize, or contradict the written document.

25.     Home Depot denies the allegations in paragraph 25.

26.     Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 and, therefore, denies them.

27.     Home Depot admits that certain counties in Florida conduct in progress and final inspections.  Home Depot denies the remaining allegations in paragraph 27.

28.     Home Depot denies the allegations in paragraph 28.

29.     Home Depot admits that the installations for Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, and Jason Nimey were performed by at least three different authorized service providers.  Home Depot denies the remaining allegations in paragraph 29.

30.     Home Depot denies the allegations in paragraph 30.

31.     Home Depot admits that Plaintiff David A. Varnes and Betty Spencer entered into contracts with Home Depot for the purchase and installation of windows and a sliding glass door.  Home Depot admits that Joseph Williams and Jason Nimey entered into contracts with Home Depot for the purchase and installation of windows.  Home Depot admits that the documents attached to the Complaint as Exhibit F purport to be true and correct copies of those contracts.  Home Depot denies the remaining allegations in paragraph 31.

32.     The allegations in paragraph 32 purport to characterize the contracts between Home Depot and Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, and Jason Nimey, which are written documents that speak for themselves.  Home Depot denies the allegations in paragraph 32 to the extent they misquote, mischaracterize, or contradict the written documents.  Home Depot denies the remaining allegations in paragraph 32.

33.     Home Depot denies the allegation in paragraph 33 that the document attached to the Complaint as Exhibit G contains an express written warranty from Home Depot to Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, Jason Nimey, and Class Members.  Moreover, the allegations in paragraph 33 and all of its subparts purport to characterize a written document that speaks for itself.  Home Depot denies the allegations in paragraph 33 to the extent they misquote, mischaracterize, or contradict the written document.  Home Depot denies any remaining allegations in paragraph 33, including its subparts.

34.     Home Depot denies the allegations in paragraph 34.

35.     Home Depot denies the allegations in paragraph 35.

36.     Home Depot denies the allegations in paragraph 36.

37.     Home Depot denies the allegations in paragraph 37.

38.     Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38 and, therefore, denies them.

39.     Home Depot admits that Plaintiff Varnes entered into a contract with Home Depot for the installation of windows and a sliding glass door.  Home Depot denies the remaining allegations in paragraph 39.

40.     Home Depot admits that the building permit for Plaintiff Varnes' installation was pulled by a Home Depot employee.  The remaining allegations in paragraph 40 purport to characterize the building permit for Plaintiff Varnes' installation, which is a written document that speaks for itself.  Home Depot denies the allegations in paragraph 40 to the extent they misquote, mischaracterize, or contradict the written document.  Home Depot denies the remaining allegations in paragraph 40.

41.     Home Depot admits that certain leaks occurred on Plaintiff  Varnes' property following the installation of the windows and sliding glass door he purchased from Home Depot.  Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 41 and, therefore, denies them.

42.     Home Depot admits that Plaintiff Varnes contacted Home Depot to report concerns regarding leaks on his property following the installation of the windows and

sliding glass door he purchased from Home Depot.  Home Depot denies the allegation in paragraph 42 that it directed the installer of Plaintiff Varnes' installation to install the windows and sliding glass door Plaintiff Varnes purchased from Home Depot in violation of the Florida Building Code or contrary to manufacturer instructions.  Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 42 and, therefore, denies them.

43.     Home Depot admits that Plaintiff Varnes communicated with its employees regarding the installation of his windows and sliding glass door following the installation during the periods when Plaintiff Varnes was in Florida.  Home Depot denies that Plaintiff Varnes "remained in constant contact" with Home Depot.  Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 43 and, therefore, denies them.

44.     Home Depot admits that Plaintiff Varnes has never signed a certificate of completion.  Home Depot denies the remaining allegations in paragraph 44.

45.     Home Depot denies the allegations in paragraph 45.

46.     Home Depot denies that Betty Spencer is a proper plaintiff in this action for the reasons described in response to paragraph 12.  Home Depot admits that in July 2012, Betty Spencer entered into a contract with Home Depot for the purchase and installation of windows and a sliding glass door.  Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 46 and, therefore, denies them.

47.     Home Depot denies that Betty Spencer is a proper plaintiff in this action for the reasons described in response to paragraph 12.  Home Depot admits that in July 2012, Betty Spencer entered into a contract with Home Depot for the purchase and installation of windows and a sliding glass door.  Home Depot denies the remaining allegations in paragraph 47.

48.     Home Depot denies that Betty Spencer is a proper plaintiff in this action for the reasons described in response to paragraph 12.  Home Depot admits that the building permit for Betty Spencer's installation was pulled by a Home Depot employee. The remaining allegations in paragraph 48 purport to characterize the building permit for Betty Spencer's installation, which is a written document that speaks for itself.  Home Depot denies the allegations in paragraph 48 to the extent they misquote, mischaracterize, or contradict the written document.  Home Depot denies the remaining allegations in paragraph 48.

49.     Home Depot denies that Betty Spencer is a proper plaintiff in this action for the reasons described in response to paragraph 12.  Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 49 and, therefore, denies them.

50.     Home Depot denies that Betty Spencer is a proper plaintiff in this action for the reasons described in response to paragraph 12.  Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 50 and, therefore, denies them.

51.     Home Depot denies that Joseph Williams is a proper plaintiff in this action for the reasons described in response to paragraph 13.  Home Depot admits that in May 2012, Joseph Williams entered into a contract with Home Depot for the purchase and installation of windows.  Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 51 and, therefore, denies them.

52.     Home Depot denies that Joseph Williams is a proper plaintiff in this action for the reasons described in response to paragraph 13.  Home Depot admits that in May 2012, Joseph Williams entered into a contract with Home Depot for the purchase and installation of windows.  Home Depot denies the remaining allegations in paragraph 52.

53.     Home Depot denies that Joseph Williams is a proper plaintiff in this action for the reasons described in response to paragraph 13.  Home Depot admits that the building permit for Joseph Williams' installation was pulled by a Home Depot employee. The remaining allegations in paragraph 53 purport to characterize the building permit for Joseph Williams' installation, which is a written document that speaks for itself.  Home Depot denies the allegations in paragraph 53 to the extent they misquote, mischaracterize, or contradict the written document.  Home Depot denies the remaining allegations in paragraph 53.

54.     Home Depot denies that Joseph Williams is a proper plaintiff in this action for the reasons described in response to paragraph 13.  Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 54 and, therefore, denies them.

55.     Home Depot denies that Joseph Williams is a proper plaintiff in this action for the reasons described in response to paragraph 13.  Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 55 and, therefore, denies them.

56.     Home Depot denies that Jason Nimey is a proper plaintiff in this action for the reasons described in response to paragraph 14.  Home Depot admits that in June 2013, Jason Nimey entered into a contract with Home Depot for the purchase and installation of windows.  Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 56 and, therefore, denies them.

57.     Home Depot denies that Jason Nimey is a proper plaintiff in this action for the reasons described in response to paragraph 14.  Home Depot admits that in June 2013, Jason Nimey entered into a contract with Home Depot for the purchase and installation of windows.  Home Depot denies the remaining allegations in paragraph 57.

58.     Home Depot denies that Jason Nimey is a proper plaintiff in this action for the reasons described in response to paragraph 14.  Home Depot admits that the building permit for Jason Nimey's installation was pulled by a Home Depot employee.  The remaining allegations in paragraph 58 purport to characterize the building permit for Jason Nimey's installation, which is a written document that speaks for itself.  Home Depot denies the allegations in paragraph 58 to the extent they misquote, mischaracterize, or contradict the written document.  Home Depot denies the remaining allegations in paragraph 58.

59.     Home Depot denies that Jason Nimey is a proper plaintiff in this action for the reasons described in response to paragraph 14.  Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 59 and, therefore, denies them.

60.     Home Depot denies that Jason Nimey is a proper plaintiff in this action for the reasons described in response to paragraph 14.  Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 60 and, therefore, denies them.

61.     Home Depot denies that Jason Nimey is a proper plaintiff in this action for the reasons described in response to paragraph 14.  Home Depot lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 61 and, therefore, denies them.

62.     Home Depot admits that Plaintiff David A. Varnes purports to bring this action on behalf of himself and a putative class, as defined in paragraph 62, under the Federal Rules of Civil Procedure.  Home Depot denies that the putative class is properly defined, denies that this case is suitable for class treatment, and denies that Plaintiff or the putative class members are entitled to any relief whatsoever.  Home Depot denies any remaining allegations in paragraph 62.

63.     Home Depot denies the allegations in paragraph 63.

64.     Home Depot denies the allegations in paragraph 64.

65.     Home Depot denies the allegations in paragraph 65.

66.     Home Depot denies the allegations in paragraph 66 and all of its subparts.

67.     Home Depot denies the allegations in paragraph 67.

68.     Home Depot denies the allegations in paragraph 68.

69.     Home Depot denies the allegations in paragraph 69 and all of its subparts.

70.     Home Depot denies the allegations in paragraph 70.

71.     Home Depot denies the allegations in paragraph 71.

72.     Home Depot denies the allegations in paragraph 72.

73.     Home Depot restates and realleges its responses to paragraphs 1–72 as if fully set forth herein.

74.     The allegations in paragraph 74 constitute a legal conclusion to which no response is required.  To the extent a response is required, Home Depot denies the allegations in paragraph 74.

75.     The allegations in paragraph 75 constitute a legal conclusion to which no response is required.  To the extent a response is required, Home Depot denies the allegations in paragraph 75.

76.     Home Depot denies the allegations in paragraph 76.

77.     Home Depot denies the allegations in paragraph 77.

78.     Home Depot denies that it made "uniform deceptive representations" as part of a marketing campaign.  The allegations in subparagraphs (a) through (i) purport to characterize or quote from various documents attached to the Complaint, which are written documents that speak for themselves.  Home Depot denies the allegations in subparagraphs (a) through (i) to the extent they misquote, mischaracterize, or contradict

the written documents.  Home Depot denies any remaining allegations in paragraph 78, including its subparts.

79.     Home Depot denies the allegations in paragraph 79.

80.     Home Depot denies the allegations in paragraph 80.

81.     Home Depot denies the allegations in paragraph 81.

82.     Home Depot denies the allegations in paragraph 82.

83.     Home Depot denies the allegations in paragraph 83.

84.     Home Depot denies the allegations in paragraph 84.

85.     Home Depot restates and realleges its responses to paragraphs 1–72 as if fully set forth herein.

86.     Home Depot admits that Plaintiff David A. Varnes and Betty Spencer entered into contracts with Home Depot for the purchase and installation of windows and a sliding glass door.  Home Depot admits that Joseph Williams and Jason Nimey entered into contracts with Home Depot for the purchase and installation of windows.  Home Depot denies the remaining allegations in paragraph 86.

87.     The allegations in paragraph 87 constitute a legal conclusion to which no response is required.  To the extent a response is required, Home Depot denies the allegations in paragraph 87.

88.     The allegations in paragraph 88 purport to characterize the contracts between Home Depot and Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, and Jason Nimey, which are written documents that speak for themselves.  Home Depot

denies the allegations in paragraph 88 to the extent they mischaracterize or contradict the written documents.  Home Depot denies any remaining allegations in paragraph 88.

89.     Home Depot denies the allegations in paragraph 89.

90.     Home Depot admits that it acted as the general contractor in connection with the installation of Plaintiff David A. Varnes' and Betty Spencer's windows and sliding glass door.  Home Depot admits that it acted as the general contractor in connection with the installation of Joseph Williams' and Jason Nimey's windows.  The allegation that Home Depot "may be subject to lost sales, fines, and lawsuits if it fails to effectively manage the installation service business" characterizes a written document that speaks for itself.  Home Depot denies the allegation to the extent it mischaracterizes or contradicts the document.  Home Depot denies the remaining allegations in paragraph 90.

91.     Home Depot denies the allegations in paragraph 91.

92.     Home Depot denies the allegations in paragraph 92.

93.     Home Depot denies the allegations in paragraph 93.

94.     Home Depot denies the allegations in paragraph 94.

95.     Home Depot denies the allegations in paragraph 95.

96.     Home Depot denies the allegations in paragraph 96.

97.     Home Depot denies the allegations in paragraph 97.

98.     Home Depot repeats and realleges its responses to paragraphs 1–72 as if fully set forth herein.

99.     Home Depot denies the allegations in paragraph 99.

100.    The allegations in paragraph 100 and all of its subparts characterize written documents that speak for themselves.  Home Depot denies the allegations in paragraph 100 to the extent they mischaracterize or contradict the documents.  Home Depot denies the remaining allegations in paragraph 100.

101.    Home Depot denies the allegations in paragraph 101.

102.    Home Depot denies the allegations in paragraph 102.

103.    Home Depot denies the allegations in paragraph 103.

104.    Home Depot denies the allegations in paragraph 104.

105.    Home Depot denies the allegations in paragraph 105.

Home Depot denies that this case is suitable for class treatment and denies that Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, or Jason Nimey are entitled to any relief whatsoever from Home Depot, including but not limited to the relief requested in the paragraph beginning "WHEREFORE" following paragraph 105 of the Complaint.  Home Depot denies any remaining allegations in paragraphs (A) through (H) following paragraph 105 of the Complaint.

## JURY TRIAL DEMAND

Home Depot hereby demands trial by jury on any and all Counts and defenses so triable.

Home Depot denies all of the allegations in the Complaint not expressly herein admitted, denied, or neither admitted nor denied for lack of information or knowledge sufficient to form a belief as to the truth or falsity of the allegations.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, and Jason Nimey, Home Depot further pleads the following defenses to both the individual and class claims alleged in the Complaint:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's claims are barred because they have no standing to assert a claim against Home Depot or represent the putative class.

## THIRD DEFENSE

Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's claims are barred because they have incurred no actionable damage.

## FOURTH DEFENSE

Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's claims are barred because they have not acted with reasonable diligence and have not mitigated their damages, if any.

## FIFTH DEFENSE

Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's claims are barred because any loss or damage claimed by each of them is not the consequence of any actionable conduct by Home Depot.

**SIXTH DEFENSE**

Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's claims are barred, in whole or in part, because any alleged damages they have sustained were caused by third parties or entities rather than Home Depot.

**SEVENTH DEFENSE**

Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's claims are barred to the extent they seek damages that are excessive and in violation of the Seventh Amendment to the United States Constitution.

**EIGHTH DEFENSE**

Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's claims are barred because they have not performed under their contracts with Home Depot.

**NINTH DEFENSE**

Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's claims are barred to the extent they have failed to satisfy any condition precedent to suit.

**TENTH DEFENSE**

Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's claims are barred by waiver, estoppel, laches, and/or unclean hands.

**ELEVENTH DEFENSE**

The claims alleged in the Complaint may not be properly certified or maintained as a class action.  Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, and Jason Nimey have failed to allege adequately all of the elements necessary to establish a valid

class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, and Jason Nimey are not appropriate class representatives because their claims are not common and/or typical of the claims of the other purported class members, which are subject to numerous individualized defenses. Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's claims are inappropriate for class treatment because there are no common questions of law or fact, the alleged common questions do not predominate over individual issues raised by their claims, and Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, and Jason Nimey and their counsel would not adequately represent the members of the putative class.

## TWELFTH DEFENSE

Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, and Jason Nimey are not entitled to injunctive relief. Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, and Jason Nimey have an adequate remedy at law and will not be harmed or prejudiced in the absence of an injunction. Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, and Jason Nimey cannot show a likelihood that they will suffer any future injury from Home Depot. There is no likelihood that Home Depot will violate their rights in the future.

## THIRTEENTH DEFENSE

The putative class members' purported claims are barred by the applicable statute of limitations and/or the terms of their respective contracts, and their failure to perform their respective contracts.

## FOURTEENTH DEFENSE

Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's breach of express warranty claims fail because Home Depot has not failed or refused to repair purported installation defects in accordance with the applicable warranty. On the contrary, Home Depot has fully performed under the warranty.

## FIFTEENTH DEFENSE

Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's breach of express warranty claims fail because they are based on advertising statements beyond the express terms of any allegedly applicable warranty.

## SIXTEENTH DEFENSE

Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's claims under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") fail because Home Depot's purported violations of FDUTPA did not proximately cause Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, or Jason Nimey to suffer any injury.

## SEVENTEENTH DEFENSE

Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's claims under the FDUTPA fail because they are based on "puffery" or sales talk, not actionable under Florida law.

## EIGHTEENTH DEFENSE

The claims asserted by Betty Spencer, Joseph Williams, and Jason Nimey are barred as untimely. Under the Court's Case Management and Scheduling Order (Doc.

41), the deadline to add parties or to amend the pleadings in this action was February 28, 2013.  Neither Betty Spencer, nor Joseph Williams, nor Jason Nimey were added as plaintiffs by February 28, 2013, and neither the Court's September 30, 2013 Order (Doc. 70), nor any other Order in this action, granted Betty Spencer, Joseph Williams, or Jason Nimey permission to join this action as a plaintiff.

## NINETEENTH DEFENSE

Home Depot denies the material allegations of the Complaint and demands strict proof thereof.

## TWENTIETH DEFENSE

Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, and Jason Nimey are not entitled to any attorneys' fees, costs, or expenses.

## TWENTY-FIRST DEFENSE

The Court lacks subject matter jurisdiction over this action because Plaintiff David A. Varnes' claims are moot.  Plaintiff David A. Varnes' claims are moot because Home Depot has fully remedied the central injury alleged in each of Plaintiff's three complaints when it (1) completed its repairs of Plaintiff's installation, (2) passed a buck inspection by the City of Flagler Beach building inspector, and (3) passed a final inspection by the City of Flagler Beach building inspector.  Thus, there is no longer a "case" or "controversy" between the parties, meaning Plaintiff lacks standing under Article III of the U.S. Constitution.

## TWENTY-SECOND DEFENSE

Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's claims are barred by the terms and conditions of their contracts with Home Depot to the extent they seek to recover lost use, lost profit, lost revenue, indirect, incidental, or consequential damages relating to the work, the materials, or services of Home Depot or of its Authorized Service Provider or their contract with Home Depot.

## TWENTY-THIRD DEFENSE

Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's claims are barred because local county and municipal building code inspectors have inspected their installations and certified that they comply with the Florida Building Code.

## TWENTY-FOURTH DEFENSE

Betty Spencer's claims are barred because she has no standing to the extent she does not own the property in which the products she purchased were installed.

## TWENTY-FIFTH DEFENSE

Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's claims are barred to the extent they failed to give Home Depot notice within a reasonable time after they discovered or should have discovered any alleged breach of contract and/or warranty and/or failed to give Home Depot reasonable opportunities to cure the alleged breach. Alternatively, any notice provided by Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, or Jason Nimey was insufficient and/or untimely.

## TWENTY-SIXTH DEFENSE

Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's FDUTPA claims are barred because they merely restate the allegations of their breach of contract and breach of warranty claims, without noting which facts show deceptive or unfair practices.

## TWENTY-SEVENTH DEFENSE

Plaintiff David A. Varnes', Betty Spencer's, Joseph Williams', and Jason Nimey's breach of contract claims based on breach of the implied covenant of good faith and fair dealing are barred because they do not allege any violation different from their breach of contract and breach of warranty claims.

WHEREFORE, having fully answered the Complaint, Home Depot denies that Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, or Jason Nimey are entitled to judgment in any amount and prays that the Complaint be dismissed with prejudice at the cost of Plaintiff David A. Varnes, Betty Spencer, Joseph Williams, and Jason Nimey.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Counterclaim-Plaintiff Home Depot submits the following counterclaims against Plaintiff David A. Varnes (hereinafter, "Plaintiff"):

1.      On June 9, 2011, Plaintiff entered into a written Home Improvement Contract with Home Depot for the purchase and installation of four windows and a sliding glass door (the "Products").

2.      The Home Improvement Contract requires Plaintiff to pay Home Depot $9,476 to furnish the Products and arrange for their installation, including 10% at the time of execution and the remaining amount "immediately upon the completion of the work for each Product."

3.      Plaintiff paid the 10% deposit, which totaled $1,047.

4.      Plaintiff did not pay the remaining 90% balance, which totaled $8,429.

5.      On June 28, 2011, a Home Depot associate contacted Plaintiff to notify him of the estimated time when the Products would arrive from the manufacturer and to discuss scheduling the installation.

6.      Plaintiff informed the Home Depot associate that he would not be available to have the installation performed until August 2011.

7.      On August 3, 2011, a Home Depot Authorized Service Provider installed the Products.

8.      On the same day, Plaintiff contacted the Authorized Service Provider and Home Depot to discuss purported issues with the installation.

9.      Home Depot immediately began working to address Plaintiff's concerns.

10.      In October 2011, after Home Depot began working to address Plaintiff's concerns, Plaintiff left his Florida residence where the Products were installed and returned to his primary residence in Virginia.

11.      As a result, from October 2011 to May 2012—an eight-month period— Plaintiff did not allow Home Depot, or its authorized agents, sufficient access to his Florida residence to perform and complete the repair work he requested.

12.     When Plaintiff returned to Florida, Home Depot resumed and eventually completed its work.

13.     Scheduling installation and inspection appointments to Plaintiff's satisfaction, however, contributed to additional delays in completing the installation and repairs between May and October 2012.

14.     Home Depot completed the installation and repairs on or around October 18, 2012.

15.     On October 29, 2012, the City of Flagler Beach conducted an inspection of the installation and approved it, certifying that the installation had been performed properly and in compliance with the applicable code and building regulations.

16.     Despite the completion of the installation and the city's approval of the work, Plaintiff has failed to pay Home Depot the $8,429 he still owes for the Products and installation pursuant to the Home Improvement Contract.

## FIRST CAUSE OF ACTION
### Breach of Contract by Non-Payment

17.     Home Depot re-alleges and incorporates by reference Paragraphs 1 through 16 of its Counterclaims as if fully set forth herein.

18.     Home Depot's Home Improvement Contract with Plaintiff is valid and enforceable.

19.     Home Depot performed all of the duties and obligations owed to Plaintiff under the Home Improvement Contract.

20.     The Home Improvement Contract required Plaintiff to pay Home Depot $9,476 to furnish the Products and arrange for their installation, including 10% at the

time of execution and the remaining amount "immediately upon the completion of the

work for each Product."

21.     Plaintiff paid the 10% deposit, but not the remaining 90% balance, which

totaled $8,429.

22.     By failing to pay Home Depot the $8,429 he owes, Plaintiff materially

breached the Home Improvement Contract.

23.     As a direct and proximate result of Plaintiff's breach of the Home

Improvement Contract, Home Depot has sustained substantial damages, in an amount to

be established at trial, for which Plaintiff is liable.

## SECOND CAUSE OF ACTION
### Breach of Contract by Delaying Performance

24.     Home Depot re-alleges and incorporates by reference Paragraphs 1

through 16 of its Counterclaims as if fully set forth herein.

25.     Home Depot's Home Improvement Contract with Plaintiff is valid and

enforceable.

26.     Home Depot performed all of the duties and obligations owed to Plaintiff

under the Home Improvement Contract.

27.     Under Florida law, an owner has (a) an implied obligation not to do

anything to hinder or obstruct performance by the other person, and (b) an implied

obligation not to knowingly delay unreasonably the performance of duties assumed under

the contract.

28.     The Home Improvement Contract provides that "Customer is responsible

for any delays or interference caused to Installation by Customer . . . ."

29.     By preventing Home Depot—for a period of at least eight months—from performing the repair work he requested, Plaintiff materially breached the Home Improvement Contract.

30.     As a direct and proximate result of Plaintiff's breach of the Home Improvement Contract, Home Depot has sustained substantial damages, in an amount to be established at trial, for which Plaintiff is liable.

WHEREFORE, Home Depot respectfully requests that:

1.     The Court award Home Depot all damages incurred as a direct and proximate result of Plaintiff's breach of the Home Improvement Contract, including incidental and consequential damages, in a specific amount to be proven at trial;

2.     The Court award interest as is allowed by law;

3.     The Court award reasonable attorney's fees and costs incurred; and

4.     The Court order such further relief as is deemed proper.

Respectfully submitted, this 9th day of December, 2013.

|  | /s/ S. Stewart Haskins |
|---|---|
| Andrew J. Knight II | S. Stewart Haskins |
| Florida Bar No. 362646 | Georgia Bar No. 336104 |
| **MOSELEY PRICHARD PARRISH** | Zachary A. McEntyre |
| **KNIGHT & JONES** | Georgia Bar No. 653571 |
| 501 West Bay Street | J. Bradford Odom |
| Jacksonville, Florida 32202 | Georgia Bar No. 940634 |
| (904) 356-1306 | **KING & SPALDING LLP** |
| (904) 354-0194 (fax) | 1180 Peachtree Street, N.E. |
| ajknight@mppkj.com | Atlanta, Georgia 30309 |
|  | (404) 572-4600 |
|  | (404) 572-5100 (fax) |
|  | shaskins@kslaw.com |
|  | zmcentyre@kslaw.com |
|  | bodom@kslaw.com |

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 9, 2013, I presented the foregoing **HOME DEPOT'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO THE SECOND AMENDED CLASS ACTION COMPLAINT** to the Clerk of the Court for filing and uploading to the CM/ECF system, which will electronically notify the following:

> John Yanchunis, Esq.
> Rachel L. Soffin, Esq.
> Morgan & Morgan, P.A.
> 695 Central Ave., Suite 150 J
> St. Petersburg, Florida 33701

This 9th day of December, 2013.

/s/ S. Stewart Haskins
S. Stewart Haskins